IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DAVID L. LEAVEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:04CV00907 |
| ) | |
| PHILIP MORRIS USA INC. and the PHILIP ) | |
| MORRIS COMPANIES INC. SEVERANCE ) | |
| PAY PLAN or its successor in interest, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

BEATY, District Judge.

This case involves an action by Plaintiff David L. Leaven ("Plaintiff") to recover severance pay pursuant to Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA") from Defendant Philip Morris Companies Inc. Severance Pay Plan ("Severance Pay Plan"). Plaintiff has also brought a claim under 42 U.S.C. § 1981 alleging that he was unfairly dismissed from his position as a supervisor in the Maintenance Department at the Cabarrus County plant of Defendant Philip Morris USA, Inc. ("Philip Morris") (altogether, "Defendants"). This matter is presently before the Court on Defendants' Motion to Dismiss Plaintiff's ERISA Claim [Document #7] and also on Defendants' separate Motion to Sever and Stay Plaintiff's ERISA Claim [Document #11]. Relatedly, Plaintiff has filed a Motion to Strike [Document #15] Defendants' Reply Brief in Support of Defendants' Motion to Sever and Stay Plaintiff's ERISA Claim.

I.   FACTUAL BACKGROUND

Plaintiff was employed by Philip Morris from 1981 until September 2001. He was a full-time, salaried employee, and as such, was in the pool of employees who were potentially eligible to receive benefits under the Severance Pay Plan provided he satisfied the requirements for such benefits. Under that Plan, eligible employees would receive severance pay when employment was terminated because of a reduction in force or for unsatisfactory work performance. However, an employee would be ineligible for severance pay if he was discharged in violation of company policy, including misconduct. Plaintiff was terminated for misconduct after Philip Morris conducted an investigation into allegations of theft.

Plaintiff, who is black, alleges that those allegations of theft were unfounded, that Philip Morris' investigation into the charges was improperly conducted or recorded, and that similarly situated white employees who were accused of theft in which the theft was proven were not similarly fired, or if they were, their terminations were not classified as "misconduct." As a result, Plaintiff alleges that he lost his $67,000 annual salary, plus bonuses and overtime, faced a reduction in his Philip Morris pension, and most importantly to the present motions, did not receive a 52-week severance payment which should have been paid within months of his termination, had the termination not been deemed for "misconduct." Plaintiff further alleges that he has never been notified that his severance was officially denied, and therefore, "he had no right to appeal the deprivation of his right to the severance absent written notification." (Compl., Document #1, at 7.)

In response, Defendants argue that Plaintiff never exhausted the review procedure provided under the Severance Pay Plan. Accordingly, Defendants argue that Plaintiff's ERISA claim should either be dismissed without prejudice or should be stayed in this Court pending remand to the Severance Pay Plan for consideration. Along with that, Defendants argue that Plaintiff's Section 1981 claim should be severed from the ERISA claim to allow it to proceed immediately. Before the Court addresses these two arguments, however, the Court notes that Plaintiff has filed a Motion to Strike Defendants' Reply Brief that concerns whether to sever the ERISA claim from the Section 1981 claim. Therefore, the Court will consider Plaintiff's Motion to Strike as preliminary to the other two motions.

II.     MOTION TO STRIKE

Plaintiff argues that Defendants' Reply Brief [Document #14] should be stricken for a number of reasons, but primarily because it was filed late. In support of this argument, Plaintiff states that under Local Rule 7.3, a reply brief may be filed within 10 days after service of the response, and it is "limited to discussion of matters newly raised in the response." In this instance, Plaintiff argues, Plaintiff responded to Defendants' Motion to Sever and Stay on December 17, 2004. However, Defendants' Reply Brief was served on January 5, 2005, which was allegedly nearly a week past its due date of December 30, 2004, as calculated by Plaintiff.

In response, Defendants argue that Plaintiff has not correctly calculated the due date of the Reply brief. Defendants point out that Federal Rule of Civil Procedure 6(e) adds three days to the 10-day deadline to account for serving a motion via U.S. mail. Moreover, Defendants note

3

that all intermediate Saturdays, Sundays, and legal holidays must be excluded from the 10-day time period, but not from the three additional days for mailing. Fed. R. Civ. P. 6(a); see Cincinnati Ins. Co. v. Dynamic Dev. Group, LLC, 336 F. Supp. 2d 552, 571 (M.D.N.C. 2004). Accordingly, Defendants state that the correct calculation of the due date for their Reply was at a minimum January 5, 2005, the same day that Defendants in fact served and filed their Reply, or at a maximum, January 7, 2005, depending on whether the three additional days for mailing are added at the beginning or end of the 10-day period.

More specifically, Defendants state that Plaintiff's Response was served by mail on December 17, 2004. Adding three days to that date results in the ten-day time period beginning its run on December 21, 2004. Defendants note that December 24, 25, 26, 31 of 2004 and January 1 and 2 of 2005 should all be excluded as either weekends or holidays. As Christmas Day and New Year's day both fell on Saturdays, the Court observed those holidays on December 24 and December 31, respectively. Thus, January 5, 2005 was the earliest date that the Reply was due.

The Court finds Defendants' arguments concerning the timing of the Reply to be correct based upon its earlier precedent. See Cincinnati Ins. Co., 336 F. Supp. 2d at 571. Moreover, the Court notes that since these documents were filed, Rule 6(e) of the Federal Rules of Civil Procedure has been amended to clarify the rule, which now states that the three days for mailing are "added after the prescribed period would otherwise expire under subdivision (a)." Fed. R. Civ. P. 6(e) (amended April 25, 2005, eff. Dec. 1, 2005). Accordingly, the Court finds that Defendants' Reply was timely, as under Rule 6(e), as amended, it is clear that the Reply was not

4

due until January 7, 2005.

Plaintiff also argues that Defendants' Reply should be stricken because it "re-plows the same ground covered in Defendants' memoranda in support of its Motion to Dismiss and its Motion to Sever and Stay." (Pl.'s Mot. Strike, Document #15, at 2.) The Court has considered Plaintiff's arguments concerning whether the Reply brief contains matters beyond that raised in the Response and finds the Plaintiff's argument without merit. The Reply brief properly responds to issues newly raised in Plaintiff's Response, namely Plaintiff's own reargument of whether the language in Defendants' Summary Plan Description ("SPD") or the actual Severance Pay Plan is controlling as to the question of what party was required to start the process of determining whether Plaintiff was eligible for severance pay, the Plaintiff or the Severance Pay Plan.

Finally, Plaintiff also argues that this Court should strike the affidavit attached to the Reply Brief in Support of Defendants' Motion to Sever and Stay. This affidavit was filed by Defendants to authenticate records previously filed by Defendants along with their Reply Brief in Support of Defendants' Motion to Dismiss. Plaintiff's argument is that there is no authority in the Local Rules for supporting documents to be submitted along with a Reply brief. Interestingly, given Plaintiff's argument, while Plaintiff seeks to strike this affidavit, Plaintiff has not also filed a motion to strike the documents attached to the Reply Brief in Support of Defendants' Motion to Dismiss. The Court has considered Local Rule 7.3(h), which is silent as to whether additional documents may be attached to a Reply brief. In this instance, the Court

5

finds that the attached affidavit is responsive to issues newly raised in Plaintiff's Response to Defendants' Motion to Sever and Stay, as it questions the authenticity of those previously filed documents. (See Pl's. Resp. Defs.' Mot. Sever and Stay, Document #13, at 4 ("The unauthenticated 2004 Plan document and SPD . . .").) Accordingly, the Court, in its discretion, will not strike the affidavit attached to Defendants' Reply Brief in Support of Defendants' Motion to Sever and Stay. Plaintiff's Motion to Strike is therefore denied.

III. PLAINTIFF'S ERISA CLAIM

To begin, the Court notes that the issues concerning Defendants' Motion to Dismiss Plaintiff's ERISA Claim and the issues concerning Defendants' Motion to Sever and Stay Plaintiff's ERISA Claim are completely intertwined. Therefore, the Court will consider both Motions together. As previously discussed, Defendants' primary argument is that Plaintiff never filed a claim with the Severance Pay Plan. Accordingly, there is no record of how the Severance Pay Plan would have decided Plaintiff's claim in the first instance, such as whether the Severance Pay Plan would have even denied Plaintiff's claim for benefits. In response, Plaintiff argues that, as per the SPD, he did not have to file a claim in order to receive severance pay, and could not have appealed the Severance Pay Plan's determination until he received a denial of benefits letter that explained why benefits were being denied.

The Court finds that regardless of which party is to blame as to starting the administrative process as to a benefits determination, under this Court's own precedent it must remand Plaintiff's ERISA claim to the Severance Pay Plan for an initial determination and to create a

6

record to review. See Rego v. Westvaco, No. 1:99CV00702, slip op. at 20 (M.D.N.C. March 28, 2000) ("[E]ven if Westvaco may have failed to provide Rego with adequate denial letters including notice of his appeal rights, Rego must still exhaust his administrative remedies with regard to his claims . . . ."). "ERISA does not contain an explicit exhaustion provision. Nonetheless, an ERISA claimant generally is required to exhaust the remedies provided by the employee benefit plan in which he participates as a prerequisite to an ERISA action for denial of benefits . . . ." Makar v. Health Care Corp., 872 F.2d 80, 82 (4th Cir. 1989). This is true regardless of the position of the parties on whether a denial letter should have been issued. See Berry v. Ciba-Geigy Corp., 761 F.2d 1003, 1007 n.4 (4th Cir. 1985) ("[Plaintiff] claims . . . that defendant's disability plan failed to comply with the above regulations. Defendant contends that the plan has complied fully with 29 U.S.C. § 1133 . . . and that plaintiff never sought administrative review of the termination of benefits despite fair notice of its availability. . . . Should [the District Court] find noncompliance on the part of [defendant] and no waiver on the part of [plaintiff], the proper course would, once again, be a remand to the plan trustee for 'a full and fair review.' The question of eligibility must be 'resolved by the plan in the first instance, not the court.'"(internal citations omitted)). Furthermore, Plaintiff has made no showing that remanding to the Severance Pay Plan in the first instance would be futile, and "bare allegations of futility" do not suffice. See Makar, 872 F.2d at 83. Therefore, the Court finds that a dismissal of Plaintiff's ERISA claim is not appropriate. Instead, Plaintiff's ERISA claim must be remanded to the Severance Pay Plan to afford Plaintiff a "full and fair review," during which the Severance

Pay Plan will either accept Plaintiff's claim or articulate its reasons for denying it, and create a record for review as to any denial.

The Court has also considered Defendants' Motion to Sever and Stay the ERISA claim. Defendants argue that severing the claims would be useful because it would allow Plaintiff's Section 1981 claim to go forward while the ERISA claim is heard by the Severance Pay Plan. Moreover, Defendants state that because Section 1981 claims are heard by a jury and ERISA claims are tried by a judge, eventually trying the two claims together would be unneccessarily confusing for both the Court and the jury. In response, Plaintiff argues against severing the claims because initial discovery of what the Severance Pay Plan officials knew about Plaintiff's termination "should reasonably occur simultaneously with discovery in the discrimination action. To sever at this point in the case could result in unnecessary duplication of discovery and increased costs to all parties." (Pl.'s Mem. Response Defs.' Mot. Sever and Stay, Document #13, at 10.) Additionally, Plaintiff states that the Court could clearly separate the issues for itself as well as properly instruct the jury at trial.

As an initial matter, the Court agrees with Plaintiff that these two matters may be tried together without unnecessarily confusing both the Court and a jury because the two claims do concern similar allegations of fact regarding Plaintiff's termination. However, because the Court has determined that a remand is necessary, but severance is not, the Court will adopt the Defendants' proposal, with some modifications. The Court will stay the entire case pending a remand of Plaintiff's ERISA claim to the Severance Pay Plan for its determination. Plaintiff will

8

have 45 days to file his claim with the Severance Pay Plan. If Plaintiff does so, the Court will deem his claim timely filed given the confusion surrounding the issue and Defendants' failure to state in the SPD that it was Plaintiff's responsibility to file a claim in the first place. See Burke v. Kodak Ret. Income Plan, 336 F.3d 103, 110 & 113 (2d Cir. 2003) (stating that the terms of the SPD control, even if in conflict with the terms of the Plan itself, since the SPD is the "employee's primary source of information" and the "consequences of an inaccurate SPD must be placed on the employer.") After Plaintiff files his claim with the Severance Pay Plan, Defendants should expeditiously determine whether Plaintiff qualifies for benefits. Defendants are directed to follow ERISA's regulations concerning the deadlines for deciding claims, which provide for 90 days to decide the initial claim, 60 days for Plaintiff to file an appeal, if necessary, to the Severance Pay Plan, and 60 days for the appeal to be decided. 29 C.F.R. §§ 2560.503-1(f), (h)(2)(i), (h)(4)(i). Following the Severance Pay Plan's final determination on Plaintiff's ERISA claim, the Court will then remove the stay on the entire case.

IV. CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Strike [Document #15] Defendants' Reply Brief in Support of Defendants' Motion to Sever and Stay Plaintiff's ERISA Claim is denied. The Court will also deny Defendants' Motion to Dismiss [Document #7] and instead will remand Plaintiff's ERISA claim to the Severance Pay Plan for an initial determination. The Court will grant in part and deny in part Defendants' Motion to Sever and Stay Plaintiff's ERISA claim [Document #11]. The Court will not sever the two claims as they involve common

9

questions of fact and can be most expeditiously determined together. However, the Court will stay both the claims while the administrative process concerning Plaintiff's ERISA claim is ongoing in front of the Severance Pay Plan.

An Order consistent with this Memorandum Opinion will be filed herewith.

This, the 6th day of June, 2006.

_____
United States District Judge