IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DAVID L. LEAVEN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 1:04CV00907 |
| ) | |
| PHILIP MORRIS USA INC. and the ) | |
| PHILIP MORRIS COMPANIES INC. ) | |
| SEVERANCE PAY PLAN or its successor ) | |
| in interest, ) | |
| Defendants. ) | |

## ORDER

Beaty, Chief Judge.

This matter is presently before the Court on a Motion to Dismiss for Failure to Prosecute [Document #21] by Defendants Philip Morris Companies Inc. Severance Pay Plan ("Severance Pay Plan") and Philip Morris USA Inc. ("Philip Morris") (collectively, "Defendants"). Plaintiff filed an action in North Carolina state court which Defendants removed to this Court in October 2004. Plaintiff then filed an Amended Complaint [Document #3] in this Court alleging race discrimination in violation of 42 U.S.C. § 1981 and a violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. On October 29, 2004, Defendants filed a Motion to Dismiss Plaintiff's ERISA Claim [Document #7] on grounds that Plaintiff failed to exhaust the administrative remedies under the employee benefit plan as required by ERISA. Subsequently, Defendants filed a Motion to Sever and Stay Plaintiff's ERISA Claim [Document #11]. In response, Plaintiff filed a Motion to Strike Defendants' Reply Brief in Support of Defendants' Motion to Sever and Stay Plaintiff's ERISA Claim [Document #15].

In an Order issued by this Court on June 6, 2006, [Document #18] this Court denied Plaintiff's Motion to Strike [Document #15] and Defendants' Motion to Dismiss [Document #7] and instead remanded Plaintiff's ERISA claim to the Severance Pay Plan for initial determination. The Court then granted in part and denied in part Defendants' Motion to Sever and Stay Plaintiff's ERISA Claim [Document #11], declining to sever Plaintiff's claims, but staying both the claims while the administrative process concerning Plaintiff's ERISA claim was ongoing. More than a year has passed since the Court's previous Order, and it appears that during that time Plaintiff pursued his administrative remedies in accordance with the Court's Order. However, according to Defendants' most recent Motion to Dismiss, Plaintiff's administrative claim and appeals were denied and the Severance Pay Plan reached its final determination that Plaintiff was not eligible for benefits on February 13, 2007. Since the Severance Pay Plan's determination, Plaintiff has taken no further action in this case. Consequently, Defendants have filed a Motion to Dismiss for Failure to Prosecute [Document #21]. Plaintiff has failed to respond to Defendants' Motion to Dismiss for Failure to Prosecute, thus, Defendants' motion is unopposed.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action for failure to prosecute or to comply with the rules or a court order. Fed. R. Civ. P. 41(b) (2007); <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 629, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because

of his failure to prosecute cannot seriously be doubted."). Courts in this district have held that "[w]hen a party files an action and either intentionally or later does not intend to prosecute it, the prejudice to the opposing party can be significant. Plaintiff has, in all events, required defendant to expend time, energy, and money to respond and even more so if the case proceeds for any distance on the Court's docket." Mitchell v. Winston-Salem, No. 1:04cv1103, 2006 WL 889552, *3 (M.D.N.C. March 29, 2006). In the present case, Plaintiff initiated this action over three years ago. Now, nearly one year after the Severance Pay Plan made its final decision to deny Plaintiff's claim for benefits, he has not taken any action whatsoever to prosecute his claim. Further, in view of these circumstances the Court finds that Plaintiff's failure to respond to Defendants' Motion to Dismiss for Failure to Prosecute further represents his intent to abandon his legal action against the Defendants. Indeed, "[w]hen a party filing a lawsuit does not evidence sufficient interest to oppose a case dispositive motion, there likely will be no good reason to require defendant to continue to be involved." Id. at *2. The Court further notes that while Plaintiff's counsel was permitted to withdraw from representation in July 2007, the fact that Plaintiff is now proceeding *pro se* does not require a different result. "Following rules and evincing an interest in one's own proceeding do not require special legal training, but rather are universal prerequisites for an orderly judicial system, if not the hallmark of well intending individuals." Id. at *4.

Therefore, for the reasons discussed above, the Court finds that Plaintiff has indeed failed to prosecute his suit against the Defendants. Thus, Plaintiff's suit warrants dismissal pursuant

3

to Rule 41(b). Consequently, Defendants' Motion to Dismiss for Failure to Prosecute is GRANTED, and Plaintiff's claims are hereby DISMISSED WITH PREJUDICE.

This the 25th day of January, 2008.

_/s/ James A. Beaty_
United States District Court Judge